STATE EX REL. SCOTT *v.* PEAK, JUDGE.

[No. 26,255. Filed July 1, 1936.]

*Robert A. Buhler* and *George E. Johnson,* for appellant.

*James M. Ogden,* Attorney-General, for appellee.

FANSLER, J.—The relator was charged with grand larceny in the St. Joseph Circuit Court. He filed a motion for a change from the judge, which was granted, and the cause was sent and certified to Superior Court No. 2 of St. Joseph County, where it was docketed. Relator entered a special appearance in the superior court, and filed a vertified motion to have the cause remanded to the circuit court for want of jurisdiction. The motion was overruled, and the cause set for trial. This action is brought for the purpose of procuring a writ prohibiting Superior Court No. 2 from proceeding with the cause.

A temporary writ issued, restraining the court from proceeding until the further order of this court. St. Joseph Superior Court No. 2 has jurisdiction in criminal cases. §4-1803, Burns' Ann. St. 1933, §1660, Baldwin's 1934.

It is contended by the relator that section 1377, Burns' Ann. St. 1926 (Acts 1905, ch. 120, §1, p. 199, §2223, Baldwin's 1934), authorizing the transfer of cases from circuit to superior courts upon change of venue being taken, was repealed by section 2236, Burns 1926 (Acts 1925, ch. 88, §1, p. 258), providing the manner in which changes of judge may be taken in criminal actions, and the method of selecting a judge by the striking of names. Section 1377, *supra,* was enacted by the General Assembly of 1905. At the same session there was enacted chapter 169 (Acts 1905, p. 584), "An act concerning public offenses," section 204 of which made provision for the selection of special judges upon a change from the regular judge. This act was approved March 10th. The last section of this latter act provides that it shall not "be construed to repeal any act passed at this session of the general assembly." It must be construed therefore together with, and as not repealing, chapter 120 of the Acts of the same General Assembly, which provides that the judge of a circuit court may transfer any action to a superior court "when any reason for change of venue from the judge of such circuit court is shown to exist as now or may hereafter be provided by law." Section 204 was amended in 1915 (Acts 1915, ch. 14, p. 30). But the repealing clause of the Act of 1905 was not amended. The act amending section 204 was again amended by the act of 1925, *supra.* But in this instance the act contained a section repealing all laws in conflict therewith. The last mentioned act purports to be all-inclusive in its operation. When a change of judge is asked for and granted in the St. Joseph cir-

cuit court there can be no question but that the acts are in conflict as to the procedure. One requires the selection of a judge by the striking of names. The other permits a transfer of the case to the superior court. The Act of 1925 must therefore be treated as repealing the older law. If the section were not repealed it might be seriously questioned whether it is constitutional. Clause 4 of section 22 of article 4 of the Constitution of Indiana forbids the passage of local or special laws "providing for changing the venue in civil and criminal cases." The section referred to applies only to counties where there are both circuit and superior courts. A different practice cannot be justified upon the classification theory. The basis for classification must be inherent in the subject-matter, and there must be some substantial basis for distinguishing those within the class. The subject of this statute is a change of judge. No valid basis is seen for distinguishing between parties who seek a change in a county where there is no superior court, and those who seek a change in a county where there is one. Such a special practice regarding the selection of the judge who will preside at the trial in counties which have superior as well as circuit judges would seem to be clearly within the constitutional prohibition. The third proviso in section 4-1715, Burns' Ann. St. 1933, section 1634, Baldwin's 1934, was held unconstitutional in *Board of Com'rs et al.* v. *Albright et al.* (1907), 168 Ind. 564, 81 N. E. 578, so that it has no application.

The writ of prohibition heretofore issued is made permanent, and the respondent is directed to remand the cause to the St. Joseph Circuit Court.